IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                  No. CV 13-0753 JCH/LAM
                                      CR 10-1007 JCH

SERGIO JAVIER RODRIGUEZ,

        Defendant/Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Defendant") Sergio Javier Rodriguez' § 2255 motion [*Doc. 1*],[2] filed on August 14, 2013 requesting that his conviction and sentence be set aside. Plaintiff/Respondent (hereinafter "the Government") filed a response to the § 2255 motion on September 12, 2013 (*Doc. 5*), and Defendant filed a reply to the Government's response on October 11, 2013 (*Doc. 8*). This case was reassigned to the undersigned on February 25, 2014 (*Doc. 9*), and, on June 19, 2014, United States District Judge Judith C. Herrera referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary (*Doc. 10*). Having considered the parties' submissions, relevant law, and the record in this case and in Defendant's underlying

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-13-0753.

criminal case contained in Case No. CR-10-1007, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED** and that Case No. CIV-13-0753 be **DISMISSED with prejudice**.

In his § 2255 motion, Defendant raises two claims: (1) that Defendant was wrongly convicted because the evidence in his case was obtained as a result of an unconstitutional search of a trailer that Defendant was transporting (*Doc. 1* at 3-5); and (2) that Defendant's trial counsel was ineffective for failing to raise the issue of whether the evidence obtained as a result of the unconstitutional search should be suppressed (*id.* at 5-6).   Defendant asks the Court to vacate his conviction.  *Id.* at 9.

### Factual and Procedural Background

On March 12, 2010, the tractor-trailer which Defendant was driving was inspected in Gallup, New Mexico, and 548.5 pounds of marijuana was found concealed behind a false wall that was constructed in the trailer.  *See* [*Doc. 5* at 1].  On April 14, 2010, Defendant was charged by indictment for Possession with Intent to Distribute 100 Kilograms and more of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  [*Doc. 13*, filed in Case No. CR-10-1007].  On February 10, 2011, a jury returned a guilty verdict as charged against Defendant.  [*Doc. 88*, filed in Case No. CR-10-1007].  On May 12, 2011, the Court sentenced Defendant to 78 months imprisonment, and, upon release, a term of four years of unsupervised release.  [*Doc. 94*, filed in Case No. CR-10-1007, at 2-3].  On May 19, 2011, Defendant appealed his conviction to the Tenth Circuit Court of Appeals (*Doc. 96*, filed in Case No. CR-10-1007), and the Tenth Circuit affirmed

his conviction on June 11, 2012 (*Doc. 112-1*, filed in Case No. CR-10-1007).  Defendant timely filed his § 2255 motion on August 14, 2013.  [*Doc. 1*].[3]

## Discussion

At the outset, the Court notes that Defendant states that he is setting forth two separate claims - (1) whether his constitutional rights were violated by the search of the trailer, and (2) whether his trial counsel was ineffective for failing to raise this issue in a pre-trial motion to the Court.  *See* [*Doc. 8* at 9].  The Government interpreted Defendant's claims as one claim for ineffective assistance of counsel.  *See* [*Doc. 5* at 2].  With regard to Defendant's claim that the search of his trailer was unconstitutional, it is important to understand that when a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error, or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citation omitted).  In addition, "[a] defendant may establish good cause for procedural default by showing he received ineffective assistance of counsel."  *Id.* (citation omitted).  Here, in Defendant's direct appeal of his conviction, Defendant claimed that the search of his trailer was illegal, and the Tenth Circuit found that Defendant had waived this claim because his counsel failed to file a motion to suppress the evidence, and further found that the ineffective assistance of counsel issue is a matter to be addressed in a § 2255 proceeding.  *See* [*Doc. 112-1* at 1-2].  Therefore, the issue was not considered on the merits on Defendant's direct

---

[3] A motion under 28 U.S.C. § 2255 is timely if it is filed within one year from the date the conviction becomes final.  *See* 28 U.S.C. § 2255(f)(1).  The United States Supreme Court has held that, "[f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  *Clay v. United States*, 537 U.S. 522, 525 (2003).  The Tenth Circuit dismissed Defendant's appeal on June 11, 2012, and he had 90 days from that date, or until September 11, 2012, in which to file a petition for writ of certiorari with the United States Supreme Court.  *See* U.S. Sup. Ct. R. 13(1).  Since Defendant filed his motion within one year of that time, on August 14, 2013, his motion is timely.

appeal and Defendant must first show ineffective assistance of counsel in order to establish good cause for being unable to raise this claim on his direct appeal.   For this reason, the Court will first consider Defendant's ineffective assistance of counsel claim.

## A.   Ineffective Assistance of Counsel Claim

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance claim under the Strickland standard, Defendant must show that (a) his attorney's performance was deficient because it fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance.  *Id.* at 687.  Both showings must be made to satisfy the *Strickland* standard.  *Id.* To demonstrate unreasonable performance, Defendant must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms."  *Id.* at 688.  To demonstrate prejudice, Defendant must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors.  *Id.* at 694.   The Court does not have to address both prongs of the *Strickland* standard if Defendant makes an insufficient showing on one of the prongs.  *Id.* at 697.

Defendant claims that his trial counsel was ineffective because she failed to raise the issue of whether the evidence seized from Defendant's trailer should be suppressed because the search of that trailer exceeded the scope of a Level II safety inspection.  [*Doc. 1* at 5-6].   Defendant contends that the search violated the holding of *New York v. Burger*, 482 U.S. 691 (1987), and was a ruse for a warrantless criminal investigation without the requisite probable cause or reasonable

suspicion. *Id.* at 3-4. Defendant further contends that the search was "pretextual" under *State v. Ochoa*, 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143 (N.M. Ct. App. 2009). *Id.* at 4.

In response the Government obtained an affidavit from Defendant's trial counsel, who stated that she determined that a motion to suppress would be meritless based on the following facts: (1) when Defendant initially pulled into the Gallup port of entry, he produced a log book that was missing information from the previous consecutive seven (7) days and failed to show a bill of lading for that day on his driver's log, both of which were violations of the Motor Transportation Act, 49 C.F.R. §§ 395.8(k)(2) and 395.8(d)(11); (2) as a result of these violations, the inspector "commenced a Level II Walk-Around/Vehicle Inspection" on the trailer and found no further violations on this walk-around inspection; (3) the inspector asked Defendant to remove the seal on the trailer so he could do a "cargo verification/load securement check;" (4) the inspector climbed into the trailer to check for load securement and found that some of the rolls of fabric which Defendant was hauling had fallen to the floor; (5) the inspector noticed rub and scrape marks on the front and side walls that he thought were unusual; (6) upon inspection of the wall, the inspector found that the rivets were new and had recently been replaced; (7) the inspector further found that plywood covering the wall was pulling away from the wall on the left side, so he pulled at the corner and shined a flashlight into the opening, discovering U-Haul boxes behind a false wall. [*Doc. 5-1* at 2-4].

In his reply, Defendant does not contest the facts set forth by the Government or his trial counsel in her affidavit and, instead, contends that the inspector exceeded the scope of what is allowed in a Level II safety inspection by climbing over the rolls of fabric and prying open the plywood to search behind the false wall. [*Doc. 8* at 2-6]. Defendant contends that the search was

actually a criminal investigation for drugs and did not meet constitutional requirements for such a search.  *Id.*

New Mexico Law requires all commercial carriers entering or leaving New Mexico to stop at all ports of entry, and the state authorizes personnel assigned to these ports of entry to inspect commercial vehicles and their documentation to determine whether the vehicles, drivers, and cargo are in compliance with state laws regarding public safety, health and welfare. N.M.S.A. 1978 § 65-5-1.  The Tenth Circuit has held that warrantless inspections conducted under this statute do not violate the Fourth Amendment pursuant to the test set forth in *Burger*. *See United States v. Vasquez-Castillo*, 258 F.3d 1207, 1210-12 (10th Cir. 2001) (finding that safety inspections of commercial carriers satisfy all three prongs of the *Burger* test).   In addition, the Tenth Circuit has held that "New Mexico's regulatory scheme clearly contemplates entrance into the trailer to inspect blocking and bracing, and also allows inspection of the contents of the vehicle."  *United States v. Gwathney*, 465 F.3d 1133, 1139 (10th Cir. 2006); *see also United States v. Mitchell*, 518 F.3d 740, 752 (10th Cir. 2008) (same holding).

Based on these Tenth Circuit cases, it is well-established that inspectors may enter the trailer to inspect the blocking and bracing, as well as the contents of the trailer, during a Level II inspection.  *See Mitchell*, 518 F.3d at 752.  Therefore, the officer's entry into and inspection of Defendant's trailer was within the scope of a Level II safety inspection.  While Defendant objects to the inspector climbing on fallen rolls of fabric, prying back a loose corner of plywood that was loose, and using a flashlight to look behind a false wall, Defendant cites to no law that precludes these actions during a Level II safety inspection.  Moreover, other cases support a finding that these actions did not exceed the scope of a Level II safety inspection.  In *Vasquez-Castillo*, the

Tenth Circuit found that the inspector did not exceed the scope of a Level II safety inspection when he looked through a crack in the wall of a trailer and noticed a space between the inner wall and outer hull of the trailer.  258 F.3d at 1209.  Similarly, in *United States v. Michael*, No. CR 06-1833 MCA, 2007 WL 2712964, at *5 (D.N.M. June 22, 2007) (unpublished), the Court found that the inspector did not exceed the scope of a Level II safety inspection when he used an electric laser measuring devise to compare the interior length of the trailer with its exterior length.  Based on these Tenth Circuit rulings, the Court finds that the inspection of Defendant's trailer did not exceed the scope of a Level II safety inspection and did not violate Defendant's constitutional rights.  The Court finds that Defendant's reliance on *Ochoa* is inapposite since that case does not involve an inspection under N.M.S.A. § 65-5-1.

The inspecting officer testified at Defendant's trial that, after looking behind the false wall and seeing the boxes, he "closed the inspection out," and that another officer obtained permission, both written and oral, to inspect or search the trailer.  [*Doc. 107*, filed in Case No. 10-CR-1007, at 159] (trial transcript).  The Court notes that Defendant does not contend that this subsequent search of the area behind the false wall, or of the boxes found in that area, was in violation of Defendant's constitutional rights, and instead appears to only dispute the scope of the initial search of the trailer that led to the inspector finding the false wall.  To the extent Defendant intended to raise this issue, the Court notes that the subsequent search of the trailer was done pursuant to the permission given by Defendant, not pursuant to the Level II safety inspection, and, thus, does not fall within Defendant's claim that the search exceeded the scope of the Level II inspection.

Because the Court finds that the search of Defendant's trailer did not exceed the scope of the Level II safety inspection, the Court finds that Plaintiff's trial counsel was not ineffective for

failing to raise this issue before the trial court.  Failure to raise a meritless issue in an underlying criminal case does not constitute ineffective assistance.  *See United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir. 1994) (holding that counsel's failure to raise meritless issue in underlying criminal case did not constitute ineffective assistance) and *Sperry v. McKune,* 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining that failure to raise a meritless claim does not constitute ineffective assistance of counsel).  Therefore, the Court recommends denying this claim.  Because the Court finds that Defendant has failed to demonstrate ineffective assistance of counsel, the Court also recommends denying Defendant's claim that the search of his trailer was unconstitutional because Defendant is barred from raising that issue in a § 2255 motion.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that Defendant's § 2255 motion [*Doc. 1*] be **DENIED**, and that Case No. CIV-13-0753 be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**