IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                   No. CV 13-0753 JCH/LAM
                                        CR 10-1007 JCH

SERGIO JAVIER RODRIGUEZ,

    Defendant/Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 11)* (hereinafter, "PF&RD"), entered on June 26, 2014. After being granted an extension of time to file objections to the PF&RD (*Doc. 13*), Defendant/Movant (hereinafter, "Defendant") filed objections to the PF&RD on July 28, 2014. [*Doc. 14*]. On August 8, 2014, the United States filed a response to Defendant's objections. [*Doc. 15*]. The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendant objects and finds that his objections are without merit. Accordingly, the Court will: (1) overrule Defendant's objections as meritless; (2) adopt the *Proposed Findings and Recommended Disposition (Doc. 11)*; (3) deny Defendant/Movant's § 2255 motion [*Doc. 1*]; and (4) dismiss this case with prejudice.

As explained in the PF&RD, after a jury trial, Defendant was found guilty of Possession with Intent to Distribute 100 Kilograms and more of Marijuana. [*Doc. 11* at 2]. In his § 2255 motion, Defendant raised the following claims: (1) that Defendant was wrongly convicted because the evidence in his case was obtained as a result of an unconstitutional search of a trailer that

Defendant was transporting (*Doc. 1* at 3-5); and (2) that Defendant's trial counsel was ineffective for failing to raise the issue of whether the evidence obtained as a result of the allegedly unconstitutional search should be suppressed (*id.* at 5-6). [*Doc. 11* at 2]. The Magistrate Judge recommended denying Defendant's claims and § 2255 motion [*Doc. 1*], and dismissing this case with prejudice. [*Doc. 11* at 8].

Defendant objects to the Magistrate Judge's finding that Defendant's counsel was not ineffective for failing to raise the issue of whether the evidence obtained as a result of the search should be suppressed. [*Doc. 14* at 1-2]. Specifically, Defendant contends that the Magistrate Judge erred in failing to find that the officer exceeded the scope of the Level II safety inspection when he climbed over rolls of fabric, pried open plywood, and used a flashlight to look behind a false wall in the trailer. *Id.* at 4. Defendant further contends that "[t]he Magistrate Judge has mistakenly bought into the false idea that a Level II safety inspection is something an officer does when he or she observes violations or has reason to believe there are violations of trucking regulations." *Id.* at 6. Defendant states that the inspection of his trailer violates the criteria set forth in *New York v. Burger*, 482 U.S. 691 (1987) for a warrantless inspection because the inspection was not necessary to further the regulatory scheme. *Id.* at 7. In addition, Defendant contends that the search "was actually a drug-trafficking criminal investigation that was attempted to be justified as a Level II safety inspection." *Id.* at 12.

In response, the Government states that Defendant cites to no case law that precludes the inspector's actions during a Level II safety inspection, and that the Tenth Circuit has held that New Mexico's regulatory scheme clearly contemplates entrance into the trailer to inspect the contents of the vehicle. [*Doc. 15* at 3] (citing *United States v. Gwathney*, 465 F.3d 1133, 1139

2

(10th Cir. 2006)).  The Government contends that the inspection of Defendant's trailer was necessary to further the regulatory scheme, and that "[t]he inspector would have been derelict in his duty to ignore signs of a non-factory compartment (i.e. the false wall) constructed into [D]efendant's trailer."  *Id.* at 4.  The Government notes that, according to Defendant's trial counsel's affidavit, "the inspector asked [D]efendant to remove the seal on the trailer so he could conduct a 'cargo verification/load securement check' -- not a criminal investigation."  *Id.* at 5.  In addition, the Government contends that "[t]he fact that officers later found marijuana as a result of their actions does not render those actions unconstitutional," and that once the inspector saw the boxes behind the false wall, the safety inspection ended and another officer obtained consent from Defendant to search the trailer.  *Id.*

The Court finds that Defendant's objections are without merit.  First, the Court notes that the Magistrate Judge did not state that the Level II safety inspection was conducted because the officer observed violations of trucking regulations; instead, the Magistrate Judge noted that "<u>Defendant's trial counsel</u>" stated in an affidavit that the inspector commenced a Level II inspection as a result of violations of the Motor Transportation Act.  *See* [*Doc. 11* at 5] (citing *Doc. 5-1* at 2-4) (emphasis added).  The Magistrate Judge, however, explained that state law "authorizes personnel assigned to [] ports of entry to inspect commercial vehicles and their documentation to determine whether the vehicles, drivers, and cargo are in compliance with state laws regarding public safety, health and welfare."  [*Doc. 11* at 6] (citing N.M.S.A. 1978 § 65-5-1).  The Magistrate Judge further explained that, based on Tenth Circuit case law, "it is well-established that inspectors may enter the trailer to inspect the blocking and bracing, as well as the contents of the trailer, during a Level II inspection."  [*Doc. 11* at 6] (citing *United States v.*

*Mitchell*, 518 F.3d 740, 752 (10th Cir. 2008)). Therefore, Defendant's contention that the Magistrate Judge mistakenly found that the inspection of the trailer was conducted because the officer observed violations of trucking regulations is without merit, and Defendant's objections based on this contention shall be overruled.

The Court also finds that Defendant's contention that the Magistrate Judge erred by failing to find that the search of the trailer exceeded the scope of a Level II safety inspection is without merit. In the PF&RD, the Magistrate Judge noted that Defendant cited to no law that precluded the inspector from climbing on fallen rolls of fabric, prying back a corner of plywood that was loose, and using a flashlight to look behind a false wall during the inspection. [*Doc. 11* at 6]. The Magistrate Judge also noted that other cases support a finding that these actions do not exceed the scope of a Level II safety inspection, such as *United States v. Vasquez-Castillo*, 258 F.3d 1207, 1209 (10th Cir. 2001), where the Tenth Circuit found that the inspector did not exceed the scope of a Level II safety inspection when he looked through a crack in the wall of a trailer and noticed a space between the inner wall and outer hull of the trailer, and *United States v. Michael*, No. CR 06-1833 MCA, 2007 WL 2712964, at *5 (D.N.M. June 22, 2007) (unpublished), where the Court found that the inspector did not exceed the scope of a Level II safety inspection when he used an electric laser measuring devise to compare the interior length of the trailer with its exterior length. [*Doc. 11* at 6-7]. In his objections, Defendant again fails to cite to any case that indicates the actions of the officer exceeded the scope of a Level II safety inspection. The Court, therefore, agrees with the Magistrate Judge that the inspection of Defendant's trailer did not exceed the scope of a Level II safety inspection and did not violate Defendant's constitutional rights, and the Court will overrule Defendant's objection. The Court further finds that

Defendant's contentions that "[t]he Magistrate Judge has misread the case law applicable to this area" and that "[t]he Magistrate Judge assumes that all warrantless inspections conducted under the guise of a Level II safety inspection are necessarily valid" (*Doc. 14* at 2), are wholly without merit.  The Magistrate Judge's findings are, instead, supported by Tenth Circuit case law and correct given the facts of this case.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Defendant's objections to the PF&RD [*Doc. 14*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the *Proposed Findings and Recommended Disposition (Doc. 11)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendant's § 2255 motion [*Doc. 1*] is **DENIED** and this case be **DISMISSED WITH PREJUDICE**, and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**HONORABLE JUDITH C. HERRERA**
**UNITED STATES DISTRICT JUDGE**